**IN THE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**CHRISTINA JACOBS,**

       **Plaintiff,**

**v.**                          **Civil Action No. 5:13cv69**
                                         **(Judge Stamp)**

**UNITED STATES OF AMERICA,**

       **Defendant.**

## <u>REPORT AND RECOMMENDATION</u>

On June 3, 2013, the *pro se* plaintiff, an inmate presently incarcerated at Waseca FCI in Waseca, Minnesota, initiated this action against the above-named defendant pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.* After correcting certain deficiencies with her pleadings, the plaintiff was granted permission to proceed as a pauper and directed to pay an initial partial filing fee ("IPFF"). On July 15, 2013, she paid the required fee. On July 23, 2013, the undersigned made a preliminary review of this matter and determined that summary dismissal was not warranted. Accordingly, the Clerk was directed to issue 60-day summonses for the named defendant, the United States Attorney's Office for the Northern District of West Virginia and the Attorney General for the United States of America.

On September 3, 2013, plaintiff filed a document titled Notice of Claim. On September 16, 2013, the government filed a Motion to Dismiss. Because plaintiff is proceeding *pro se,* on September 17, 2013, a <u>Roseboro</u>[2] Notice was issued. On September 27, 2013, the plaintiff filed a Traverse to Defendant's Motion to Dismiss, and on November 21, 2013, plaintiff filed a

---

[2] <u>Roseboro v. Garrison</u>, 528 F.2d 309, 310 (4th Cir. 1975) (finding that the court must inform a *pro se* plaintiff of his right to file material in response to a motion for summary judgment).

1

motion to Supplement or Amend Medical Expert Sworn Affidavit, which was construed as a motion to amend and denied by Order entered November 23, 2013.

This matter is before the undersigned for an initial review and report and recommendation pursuant to LR PL P 2, et seq., and 28 U.S.C. §§ 1915(e)(2)(B).

## I. The Pleadings

### A. The Complaint

In the complaint, the plaintiff asserts that on an unknown date in May, 2010, while incarcerated at Hazelton S.F.F. in Bruceton Mills, West Virginia, she injured her leg during an exercise class. On or about June 24, 2010, she went to health services and was seen by a Physicians' Assistant, Alicia Wilson, who misdiagnosed what ultimately proved to be a stress fracture as tendonitis. The plaintiff alleges that subsequently, further medical negligence occurred when she was denied appropriate pain relief, appropriate testing, monitoring and therapy, and refused a referral to an orthopedic specialist. Plaintiff contends that her claims are exhausted. She asserts that as a result of the misdiagnosis and failure to receive appropriate care, she has pain in her right leg; tingling and pinprick sensations on the bottom of her right foot; a limp; lower back pain; and chronic gastrointestinal problems from being prescribed the wrong medication. She contends that she is now permanently disfigured and disabled.

As relief, she requests damages of $4,080,000.00.

### B. The Government's Motion to Dismiss

The defendant contends that the plaintiff's complaint must be dismissed for the failure to file a notice of claim and a screening certificate of merit as required by W.Va. Code §55-7B-6.

### C. Plaintiff's Traverse to Defendant's Motion to Dismiss

The plaintiff reiterates her arguments and attempts to refute the Government's on the same. She argues that nowhere in W.Va. Code §55-7B-6 does it state she is required to file a screening certificate of merit with her complaint. Furthermore, she contends she did file a notice of claim.

## II. <u>Standard of Review</u>

### A. <u>Motion to Dismiss</u>

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. <u>Mylan Labs, Inc. v. Matkari</u>, 7 F.3d 1130, 1134 (4th Cir. 1993); <u>see</u> <u>also</u> <u>Martin</u>, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." <u>Conley</u>, 355 U.S. at 45-46. In <u>Twombly</u>, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." <u>Conley</u>,

550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," (Id). (citations omitted), to one that is "plausible on its face," (Id). at 570, rather than merely "conceivable." (Id). Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I.DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir. 2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. (Id).

When a motion to dismiss pursuant to Rule 12(b)(6) is accompanied by affidavits, exhibits and other documents to be considered by the Court, the motion will be construed as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

**B.  Motion for Summary Judgment**

Under the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In applying the standard for summary judgment, the Court must review all the evidence "in the light most favorable to the nonmoving party." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The Court must

avoid weighing the evidence or determining the truth and limit its inquiry solely to a determination of whether genuine issues of triable fact exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion and of establishing the nonexistence of genuine issues of fact. Celotex at 323. Once "the moving party has carried its burden under Rule 56, the opponent must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The nonmoving party must present specific facts showing the existence of a genuine issue for trial. Id. This means that the "party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson at 256. The "mere existence of a scintilla of evidence" favoring the non-moving party will not prevent the entry of summary judgment. Id. at 248. Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita, at 587 (citation omitted).

## C. Frivolity Dismissals

Because plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous. <u>See</u> <u>Neitzke</u> at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[1] or when the claims rely on factual allegations which are "clearly baseless." <u>Denton v. Hernandez</u>, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. <u>See</u> <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976).

## III. <u>Analysis</u>

### A. <u>Dismissals for Frivolity or for Failure to State a Claim</u>

The FTCA waives the federal government's traditional immunity from suit for claims based on the negligence of its employees. 28 U.S.C. § 1346(b)(1). "The statute permits the United States to be held liable in tort in the same respect as a private person would be liable under the law of the place where the act occurred." <u>Medina v. United States</u>, 259 F.3d 220, 223 (4th Cir. 2001). Because all of the alleged negligent acts occurred in West Virginia, the substantive law of West Virginia governs this case.

#### 1) <u>Medical Negligence</u>

To establish a medical negligence claim in West Virginia, the plaintiff must prove:

(a) the health care provider failed to exercise that degree of care, skill, and learning required or expected of a reasonable, prudent health care provider in the profession or class to which the health care provider belongs acting in the same or similar circumstances; and (b) such failure was a proximate cause of the injury or death.

W.Va. Code § 55-7B-3.

---

[1] <u>Id</u>. at 327.

When a medical negligence claim involves an assessment of whether or not the plaintiff was properly diagnosed and treated and/or whether the health care provider was the proximate cause of the plaintiff's injuries, expert testimony is required.  Banfi v. American Hospital for Rehabilitation, 529 S.E.2d 600, 605-606 (W.Va. 2000).

Additionally, under West Virginia law, certain requirements must be met before a health care provider may be sued.  W.Va. Code §55-7B-6.   This section provides in pertinent part:

### § 55-7B-6. Prerequisites for filing an action against a health care provider; procedures; sanctions

(a) Notwithstanding any other provision of this code, no person may file a medical professional liability action against   any health care provider without complying with the provisions of this section.

(b) *At least thirty days prior to the filing of a medical professional liability action against a health care provider, the claimant shall serve by certified mail, return receipt requested, a notice of claim* on each health care provider the claimant will join in litigation. The notice of claim shall include a statement of the theory or theories of liability upon which a cause of action may be based, and a list of all health care providers and health care facilities to whom notices of claim are being sent, *together with a screening certificate of merit*. The screening certificate of merit shall be executed under oath by a health care provider qualified as an expert under the West Virginia rules of evidence and shall state with particularity: (1) The expert's familiarity with the applicable standard of care in issue; (2) the expert's qualifications; (3) the expert's opinion as to how the applicable standard of care was breached; and (4) the expert's opinion as to how the breach of the applicable standard of care resulted in injury or death. A separate screening certificate of merit must be provided for each health care provider against whom a claim is asserted. The person signing the screening certificate of merit shall have no financial interest in the underlying claim, but may participate as an expert witness in any judicial proceeding. Nothing in this subsection may be construed to limit the application of rule 15 of the rules of civil procedure.

W.Va. Code §55-7B-6 (emphasis added).

This Court previously held that compliance with W.Va. Code §55-7B-6 is mandatory prior to filing suit in federal court. See Stanley v. United States, 321 F.Supp.2d 805, 806-807 (N.D. W.Va. 2004).[2]

Here, while plaintiff did eventually file a document she titled Notice of Claim, the Notice did not contain the requisite statement of the theory or theories of liability upon which her cause of action was based. Moreover, while the Notice stated that a copy of a Screening Certificate of Merit was enclosed, no such Screening Certificate was enclosed.[3] Finally, the plaintiff filed her Notice of Claim with the court three months *after* she filed her complaint; West Virginia Code §55-7B-6 requires that both the Notice and the Screening Certificate of Merit be served upon the defendant thirty days *before* filing suit.

With regard to the appropriate standard of care, the plaintiff has completely failed to sustain her burden of proof. Plaintiff does not even assert, much less establish, the standard of care for the diagnosis or treatment of a stress fracture.[4] Under the circumstances of this case, plaintiff would be required to produce the medical opinion of a qualified health care provider in order to raise any genuine issue of material fact with respect to the defendant's breach of the duty of care. Moreover, to the extent the plaintiff's medical negligence claims arise in West Virginia, there is nothing in the complaint which reveals that the plaintiff has met the requirements of W.Va. Code §55-7B-6. Accordingly, here, the plaintiff has not only failed to

---

[2] In Stanley, the plaintiff brought suit against the United States alleging that the United States, acting through its employee healthcare providers, was negligent and deviated from the "standards of medical care" causing him injury.

[3] Here, even if the plaintiff had been permitted to amend her complaint by filing her purported screening certificate of merit, the outcome would have been the same. The proffered certificate was dated October 31, 2013, five months after the plaintiff filed suit.

[4] Plaintiff offers no pleadings, affidavits, or declarations from any medical professional that establishes the applicable community standards for the diagnosis or treatment of a stress fracture.

state a claim upon which relief can be granted, but because her claims are indisputably meritless,[5] they should be dismissed as frivolous, as well.

**B. The Prison Litigation Reform Act of 1996**

The Prison Litigation Reform Act of 1996 ("PLRA") has restricted when an inmate's complaint may be filed without prepayment of fees. Specifically, 28 U.S.C. §1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Here, the plaintiff has already unsuccessfully litigated this claim to a decision on the merits elsewhere.[6] Further, a March 4, 2014 PACER review of the plaintiff's filings reveals that she has filed seven Bivens and/or FTCA actions since August 21, 2012,[7] at least one of which has been dismissed for failure to state a claim upon which relief can be granted.[8] Another, still pending, was recommended for dismissal on September 3, 2013, as frivolous.[9] The plaintiff still has yet another case pending over this same leg injury that she filed in the Northern District of Florida, which was recently transferred to this district.[10]

Accordingly, the plaintiff is warned that pursuant to 28 U.S.C. §1915(g), she will not be granted *in forma pauperis* status in the future, if she has "on 3 or more prior occasions, while

---

[5] See Neitzke at 327.

[6] See N.D. Fla. 5:12cv363.

[7] Four of plaintiff's cases have alleged claims for this same right leg injury, and three others, over an injury to her left middle finger.

[8] See ND Fla. 5:12cv363, Dkt.# 49 and 54.

[9] See ND W.Va. 1:13cv164, Dkt.# 14.

[10] See N.D. W.Va. 5:14cv4.

incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." The instant case will not be the first filed by plaintiff in this district that has been recommended for dismissal as frivolous.

### IV. <u>Recommendation</u>

For the reasons set forth in this Report and Recommendation, it is recommended that the Government's Motion to Dismiss (Dkt.# 27) be **GRANTED,** and that the plaintiff's Complaint be **DENIED** and **DISMISSED with prejudice for failure to state a claim upon which relief can be granted and as frivolous.**

**Within fourteen (14) days** after being served with a copy of this recommendation, **or by March 18, 2014**, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the United States District Judge. **Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation**. 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985) <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), *cert. denied,* 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation Order to the *pro se* plaintiff by certified mail, return receipt requested, to her last known address as shown on the docket, and to counsel of record electronically.

DATED: March 4, 2014

/s/ James E. Seibert_____
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE