IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CHRISTINA JACOBS,

    Plaintiff,

v.                                       Civil Action No. 5:13CV69
                                                      (STAMP)
UNITED STATES OF AMERICA,

    Defendant.

**MEMORANDUM OPINION AND ORDER
ADOPTING REPORT AND RECOMMENDATION IN PART,
GRANTING DEFENDANT'S MOTION TO DISMISS,
AND DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT**

I.    Procedural History

On June 3, 2013, the plaintiff initiated this case by filing a complaint pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, et seq., alleging that she received inadequate care for an injury while housed at the Secure Female Facility at United States Penitentiary Hazelton ("Hazelton SFF"). Pursuant to Local Rule of Prisoner Litigation 2, this case was referred to James E. Seibert, United States Magistrate Judge, for initial review and report and recommendation. Magistrate Judge Seibert then conducted an initial review of the complaint and determined that summary dismissal was not warranted at that time. The magistrate judge then ordered the government to respond to the plaintiff's complaint. However, before the government could respond, and three months after filing her complaint, the plaintiff filed a notice of claim. ECF No. 25. The United States then filed a motion to

dismiss the plaintiff's complaint. A Roseboro[1] notice was issued and the plaintiff filed a response to the United States' motion to dismiss. Two months later, the plaintiff filed a motion to supplement or to amend, requesting that the magistrate judge take notice of a sworn affidavit from a medical expert. The magistrate judge denied this motion.

Thereafter, Magistrate Judge Seibert issued a report and recommendation recommending that this Court grant the United States' motion to dismiss. Magistrate Judge Seibert also informed the parties that, if either party intended objected to his recommendations contained within the report, that party was required to file written objections within fourteen days of receiving the report and recommendation. The plaintiff filed timely objections.

## II. Facts

The plaintiff alleges that Physician Assistant Alicia Wilson ("PA Wilson"), a medical care provider at Hazelton SFF, misdiagnosed her stress fracture from an exercise injury as tendinitis. The plaintiff further contends that subsequent medical negligence occurred and that she did not receive appropriate care. She argues that these alleged negligent actions led to permanent and debilitating injuries.

---

[1] Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (finding that the court must inform a pro se petitioner of his right to file material in response to a motion for summary judgment).

Three months later, the plaintiff filed a notice of claim stating that she was serving her notice of her claims on PA Wilson. The plaintiff averred that the notice of claim included a statement of theory of liability upon which a cause of action may be based and a screening certificate of merit executed by a healthcare provider qualified as an expert. However, the notice of claim only provided a list of the plaintiff's ailments that allegedly occurred from the medical negligence and misdiagnosis, and a certified mail receipt addressed to PA Wilson dated April 29, 2013.

The government then filed a motion to dismiss. In its motion to dismiss, the government argues that the plaintiff's complaint must be dismissed for the failure to file a notice of claim and a screening certificate of merit as required by West Virginia Code § 55-7B-6, the statute that provides the procedure a plaintiff must follow who is seeking to bring an action against a health care provider.

In reply, the plaintiff reiterates her earlier arguments and contends that § 55-7B-6 does not require her to file a screening certificate of merit with her complaint. Further, she asserts that she did file a notice of claim and a screening certificate of merit. The plaintiff attached a notarized affidavit from Dr. Cherron Jenkins of South Carolina, a licensed chiropractor, dated April 13, 2013 and her previous notice of claim dated April 22, 2013. The plaintiff asserts that these attachments prove that she complied with § 55-7B-6 as she noticed PA Wilson with a screening

3

certificate of merit through Dr. Jenkins and a notice of claim which included a statement of theory of liability upon which a cause of action may be based.

Two months after the motion to dismiss was filed, the plaintiff filed a motion to supplement, or to amend, the medical expert sworn affidavit. In her motion, the plaintiff requested that a new medical affidavit be added to her complaint which was dated October 31, 2013 and was completed by Dr. Jenkins. The magistrate judge construed the plaintiff's motion as a motion to amend complaint. Further, the magistrate judge denied the motion as he found that the plaintiff filed her motion over two months after the defendant had filed its motion to dismiss and that the amendment the plaintiff sought to make would not change the outcome of this case.

Thereafter, Magistrate Judge Seibert issued a report and recommendation recommending that this Court grant the United States' motion to dismiss on the grounds that the plaintiff had not met the requirements for filing an action against a health care provider. Further, the magistrate judge warned the plaintiff that due to her frequent frivolous filings, pursuant to the Prisoner Litigation Reform Act of 1996 ("PLRA"), she will not be granted <u>in forma pauperis</u> ("IFP") status in the future.

The plaintiff then filed objections reciting her arguments from her response to the defendant's motion to dismiss and her motion to amend the complaint. The plaintiff also attached the

affidavit from Dr. Jenkins dated April 13, 2013; the notice of claim dated April 22, 2013; a certificate of service dated April 29, 2013; and the proposed amendment to her complaint which consisted of another affidavit from Dr. Jenkins dated October 31, 2013. For the reasons set forth below, this Court affirms and adopts the magistrate judge's report and recommendation in part, and will dismiss the plaintiff's complaint.

## III. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. Because objections have been filed in this case, this Court will undertake a de novo review.

## IV. Discussion

The FTCA "permits the United States to be held liable in tort in the same respect as a private person would be liable under the law of the place where the act occurred." Medina v. United States, 259 F.3d 220, 223 (4th Cir. 2001). Because the alleged medical malpractice upon which the plaintiff bases her claim occurred at Hazelton SFF, a federal institution located in West Virginia, substantive law applies in this case. To prove a medical negligence claim in West Virginia, the plaintiff must establish that:

> (a) the health care provider failed to exercise that degree of care, skill, and learning required or expected of a reasonable, prudent health care provider in the profession or class to which the health care provider

5

> belongs acting in the same or similar circumstances; and (b) such failure was a proximate cause of the injury or death.

W. Va. Code § 55-7B-3. Expert testimony is required if the medical negligence claim involves an assessment of whether the plaintiff was properly diagnosed and whether the health care provider was the proximate cause of the plaintiff's injuries. <u>Banfi v. Am. Hosp. for Rehab.</u>, 529 S.E.2d 600, 605-06 (W. Va. 2000). Moreover, West Virginia Code § 55-7B-6 sets forth certain requirements that must be met before a health care provider may be sued. Compliance with the requirements of West Virginia Code § 55-7B-6 is mandatory prior to filing suit in federal court. <u>Stanley v. United States</u>, 321 F. Supp. 2d 805, 806-07 (N.D. W. Va. 2004).

Thus, the prerequisites for filing an action against a health care provider are as follows:

> (b) At least thirty days prior to the filing of a medical professional liability action against a health care provider, the claimant shall serve by certified mail, return receipt requested, a notice of claim on each health care provider the claimant will join in litigation. The notice of claim shall include a statement of the theory or theories of liability upon which a cause of action may be based, and a list of all health care providers and health care facilities to whom notices of claim are being sent, together with a screening certificate of merit. The screening certificate of merit shall be executed under oath by a health care provider qualified as an expert under the West Virginia rules of evidence and shall state with particularity: (1) The expert's familiarity with the applicable standard of care in issue; (2) the expert's qualifications; (3) the expert's opinion as to how the applicable standard of care was breached; and (4) the expert's opinion as to how the breach of the applicable standard of care resulted in injury or death. A separate screening certificate of merit must be provided for each health care provider against whom a claim is asserted.

6

> The person signing the screening certificate of merit shall have no financial interest in the underlying claim, but may participate as an expert witness in any judicial proceeding. Nothing in this subsection may be construed to limit the application of rule 15 of the rules of civil procedure.

W. Va. Code § 55-7B-6.

Magistrate Judge Seibert recommended in his report and recommendation that this Court dismiss the plaintiff's claim. The magistrate judge did so because he found that the plaintiff did not follow the procedure outlined in § 55-7B-6 above. The magistrate judge reasoned that although the plaintiff did file a document she titled "Notice of Claim," the notice did not contain the requisite statement of the theory or theories of liability for a claim against a health care provider. Further, no screening certificate was enclosed although the plaintiff stated in the notice that a screening certificate was enclosed. Additionally, the plaintiff filed this notice three months after she filed her complaint, whereas the statute requires a plaintiff to file the required documents thirty days before the complaint is filed. The magistrate judge also noted in a footnote that even if the plaintiff had been permitted to amend her complaint to include a screening certificate of merit, the outcome would have been the same because the proffered certificate was dated October 31, 2013, five months after the plaintiff filed suit.

Finally, the magistrate judge found that the plaintiff has not met the burden of proof required to bring such a claim because: (1) she did not assert the standard of care for the diagnosis or

treatment of a stress fracture, (2) she did not produce the medical opinion of a qualified health care provider, and (3) she did not assert any claim in her complaint that she has met the requirements of § 55-7B-6. As such, the magistrate judge found that the plaintiff had not stated a claim upon which relief can be granted and that her claims were meritless and therefore frivolous.

The magistrate judge then reviewed the plaintiff's previous filings and its impact on the application of the PLRA. The plaintiff has litigated this claim before, in the Northern District of Florida, and has filed seven Bivens and/or FTCA actions since August 21, 2012, four of which concern the same leg injury she complains of here. Further, the magistrate judge noted that she has two cases pending, one which was recommended for dismissal as frivolous, and one of which was transferred to this district, and is still pending, from the Northern District of Florida and is based on the same leg injury. Accordingly, the magistrate judge warned the plaintiff that she would not be granted IFP status if she has three or more cases that have been dismissed as frivolous.

The plaintiff timely filed objections to the report and recommendation. To reiterate, the plaintiff argues that she did in fact serve PA Wilson with the notice of claim and the screening certificate of merit on April 29, 2013. Further, she contends that she submitted an affidavit from Dr. Cherron Jenkins, a licensed chiropractor in South Carolina, dated April 13, 2013, and that she sent this to PA Wilson. This, the plaintiff asserts, met the

8

requirement that she produce the medical opinion of a qualified healthcare provider. Additionally, the plaintiff contends that she filed the screening certificate of merit before she filed her complaint; that the screening certificate of merit is dated April 13, 2013; and she made this argument in her response to the motion to dismiss.

A. <u>The October 31, 2013 Affidavit</u>

This Court will not consider the plaintiff's proposed amendment which included the October 31, 2013 affidavit from Dr. Jenkins. As the magistrate judge noted in his order denying the plaintiff's motion, the proposed amendment was filed untimely. Clearly, § 55-7B-6 requires that the screening certificate of merit be served upon the defendant, along with the notice of claim, thirty days prior to the filing of the complaint. As the plaintiff is attempting to use this affidavit as part of her screening certificate of merit, it is untimely as it was not served or provided to the defendant thirty days before the plaintiff filed the complaint in June, and thus it will not be considered. Thus, the plaintiff's objection as to the final order of the magistrate judge is overruled and the plaintiff's motion to amend the complaint is denied.

B. <u>Motion to Dismiss For Failure to State a Claim</u>

The magistrate judge first found that the defendant's motion to dismiss should be construed as a motion for summary judgment because it was accompanied by affidavits, exhibits, and other

9

documents.  This Court adopts that finding as it was made pursuant to Federal Rules of Civil Procedure 12(b)(6) and 56.

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  In applying this standard, the Court must review all the evidence "in the light most favorable to the nonmoving party."  Id.  "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact."  Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)).

In this action, the magistrate judge found that the plaintiff did not fulfill the requirements of § 55-7B-6.  The magistrate judge found that the notice of claim did not contain the requisite statement of the theory or theories of liability upon which her cause of action was based and also that no screening certificate of merit was initially enclosed.  Further, the magistrate judge found that even with the filings by the plaintiff, the plaintiff fails because all such filings were filed three months after the

plaintiff filed the complaint whereas § 55-7B-6 requires that they be served upon the defendant thirty days before filing suit.

This Court must disagree with the magistrate judge as to these findings. First, the notice of claim, although filed after the complaint, was dated April 22, 2013 and did provide a statement of the theory or theories of liability, albeit not a very complete one. Further, the plaintiff provided a certified mail return receipt addressed to PA Wilson dated April 29, 2013. Second, the plaintiff also provided an affidavit from Dr. Jenkins which she claims was the screening certificate of merit that was sent to PA Wilson. The plaintiff claims that the certified mail return receipt dated April 29, 2013 included this screening certificate of merit. As such, given that this Court must review all the evidence in the light most favorable to the plaintiff and because there has been no evidence to prove that the dates provided by the plaintiff are incorrect, it appears that the plaintiff did in fact provide notice to PA Wilson by mailing the notice of claim and the screening certificate of merit within the requisite time period.

However, the magistrate judge went on to find that the plaintiff has failed to sustain her burden of proof in this action. The magistrate judge noted that the plaintiff has not asserted the standard of care for the diagnosis or treatment of a stress fracture because she has not established the applicable community standards a health care provider should follow for the treatment of a stress fracture. Further, the magistrate judge found that the

plaintiff has failed to produce the medical opinion of a qualified health care provider in order to raise any genuine issue of material fact with respect to the defendant's breach of the duty of care. Thus, the magistrate judge found that the plaintiff has failed to state a claim upon which relief can be granted, and further, her claims are indisputably meritless.

The Court agrees with the magistrate judge. The plaintiff has failed to meet her burden of proof as to her medical negligence claim because although she may have served notice upon the defendant within the time provided by statute, she did not set forth the required elements of the screening certificate of merit pursuant to § 55-7B-6(B)(1)-(4). The plaintiff provides the sworn affidavit of Dr. Jenkins dated April 13, 2013; however, this affidavit does not provide the applicable community standards for the diagnosis or treatment of a stress fracture. Further, such a standard is not pleaded in any of the plaintiff's filings. Thus, because the plaintiff has failed to provide such a standard through a qualified health care provider, she has failed to raise any genuine issue of material fact with respect to the defendant's breach of the duty of care pursuant to the requirements of § 55-7B-6. As such, this Court agrees with the magistrate judge's finding that the plaintiff has failed to meet her burden and this action should be dismissed.

C.   <u>Dismissal for Frivolity</u>

The magistrate judge recommended that the plaintiff's complaint be dismissed as frivolous and further warned the plaintiff of the repercussions of such dismissals under the PLRA.

Because the plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989). However, the Court must read <u>pro se</u> allegations in a liberal fashion. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. <u>See</u> <u>Neitzke</u> at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless," or when the claims rely on factual allegations which are "clearly baseless." <u>Denton v. Hernandez</u>, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. <u>See</u> <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976).

Based on the analysis above, this Court cannot find that the plaintiff's complaint should be dismissed as frivolous. The plaintiff did not completely fail to meet the requirements of § 55-7B-6 because she has filed a notice of claim and a screening certificate of merit (through her response to the motion to dismiss), along with a certified mail return receipt, all dated thirty days before she filed this suit. Thus, her claim is not "completely baseless." However, as stated above, the plaintiff's complaint is dismissed for failing to provide the required community standard to be applied in this action under § 55-7B-6. Thus, the magistrate judge's findings as to frivolity are overruled.

This Court will, however, echo the warning of the magistrate judge. As the magistrate judge noted, the plaintiff has frequently filed in federal court based on this claim and others. Although the Court has declined to dismiss this complaint as frivolous, the plaintiff is again warned that pursuant to 28 U.S.C. § 1915(g), she will not be granted IFP status in the future, if she has "on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." This dismissal falls into the latter of those categories as this

Court has dismissed the complaint as failing to state a claim upon which relief may be granted.

## V. Conclusion

For the reasons set forth above, this Court, after a de novo review, AFFIRMS and ADOPTS the magistrate judge's report and recommendation in part. Accordingly, the defendant's motion to dismiss is GRANTED (ECF No. 27), the plaintiff's motion to amend the complaint is DENIED (ECF No. 35), and the plaintiff's objections are OVERRULED (ECF No. 42). The plaintiff's complaint is thus DISMISSED WITH PREJUDICE. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the plaintiff choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, she is ADVISED that she must file a notice of appeal with the Clerk of this Court within sixty days after the date of the entry of the judgment order.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the pro se plaintiff by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:      April 14, 2014

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE